942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ADA DESIGN ALLIANCE, INC., an Idaho Corporation; Stanley G.
Stinson and Rebecca Stinson, husband and wife, dba
Stinson Custom Homes, Plaintiffs-Appellants,
v.
Stephen RENBERG, dba Westwood Homes; Loren D. Williams, dba
Williams & Associates; Stephen C. Gray and Elizabeth A.
Gray, husband and wife; Bud Aune, individually and Holland
Realty, Inc., an Idaho Corporation; Loren D. Williams,
Defendants-Appellees.
ADA DESIGN ALLIANCE, INC., an Idaho Corporation; Stanley G.
Stinson and Rebecca Stinson, husband and wife, dba
Stinson Custom Homes, Plaintiffs-Appellees,
v.
Stephen RENBERG, dba Westwood Homes; Loren D. Williams, dba
Williams & Associates, Defendants-Appellants,
and
Stephen C. Gray and Elizabeth A. Gray, husband and wife;
Bud Aune, individually and Holland Realty, Inc.,
an Idaho Corporation, Defendants.
 Nos. 90-35493, 91-35100 and 91-35274.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1991.
Decided Aug. 20, 1991.
 
 On Appeal From the United States District Court for the District of Idaho, No. CV-89-1186-MJC; Marion J. Callister, District Judge, Presiding.
 D. IDAHO
 REVERSED AND REMANDED.
 Before WRIGHT, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 ADA Design Alliance, Inc. et al. (ADA) appeal the district court's grant of summary judgment in this copyright action. The district court determined that it had no jurisdiction under the Copyrights Act because defective notice invalidated the copyright in question. The defendants below cross-appeal the court's denial of their motion for attorney fees under 17 U.S.C. § 505. We reverse.
 
 
 3
 * The Copyrights Act requires copies to contain a copyright notice that includes the word "copyright" (or suitable abbreviation), the date of first publication, and the name of the copyright owner. See 17 U.S.C.A. § 401 (Supp.1991)
 
 
 4
 Section 405 discusses copies published without a copyright notice. Omission of the notice invalidates the copyright unless one of three exceptions contained in sec. 405(a) applies. It is undisputed that none of the exceptions applies in this case.
 
 
 5
 Section 406 discusses copies published with a copyright notice that has an error in the name or date. "[W]here the person named in the copyright notice ... is not the owner of copyright, the validity and ownership of the copyright are not affected." Id. § 406(a).
 
 
 6
 But where the copies contain no name "that could reasonably be considered a part of the notice, the work is considered to have been published without any notice and is governed by the provisions of section 405...." Id. § 406(c).
 
 II
 
 7
 The district court decided that both notices contained a name, but that the brochure contained the wrong name and was therefore invalid. The court's reasoning is inconsistent with section 406(a).[1]
 
 
 8
 The notice on the supplement does not invalidate the copyright. Though "Stinson Custom Homes" is the wrong name, it clearly is part of the grouping of text that follows the colon after "Builder" and includes "Copyrighted 1988." The other names are in clearly distinct groupings of text. The name on the supplement could reasonably be considered part of the notice.
 
 
 9
 The notice on the brochure is less clear. The word "Copyright" and the date on the brochure are separated from the erroneous name ("Stinson Custom Homes"), which is in a different typesize and style. The statutory requirement, however, is not a demanding one; the statute requires only that the name could reasonably be considered part of the notice. We hold that in this case, the name on the brochure could be so considered. Therefore, it does not invalidate the copyright.
 
 
 10
 In light of this holding, there is no need to address the cross-appeal regarding fees under 17 U.S.C. § 505.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The court relied on Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426 (9th Cir.1986). Lifshitz, however, involved an error in date under sec. 406(b), not an error in name under sec. 406(a). The Act treats the two very differently, and Lifshitz, therefore, is not on point